OPINION OF THE COURT
SCIRICA, Circuit Judge.
Vincent Scirotto appeals his fifteen-month sentence following a guilty plea to one count of making a false declaration in a bankruptcy case in violation of 18 U.S.C. § 152(3). Because we conclude Scirotto validly waived the right to appeal his sentence, we will affirm.
I.
Scirotto was released from prison in 2004 and moved into the house of his friend “CJ.” That December, Scirotto sought to buy a house of his own but did not qualify for a loan because of poor credit. CJ loaned Scirotto $25,000 for the down payment, and CJ signed the mortgage in his own name. Scirotto moved into the new house and agreed to make the monthly mortgage payments, but he failed to do so and quickly fell behind. Without CJ’s knowledge, Scirotto filed a bankruptcy petition that included CJ’s name, social security number, and other personal identifiers. The petition triggered an automatic stay provision, preventing the lender from foreclosing. Scirotto hoped this would allow him enough time to become current on mortgage payments. The provision delayed foreclosure for several months, but the lender ultimately foreclosed on the house.
In 2009, a grand jury indicted Scirotto for one count of making a materially false declaration in a bankruptcy petition under 18 U.S.C. § 152(3) (count one) and one count of perjury under 18 U.S.C. § 1621(2) (count two). Scirotto signed a written guilty plea agreement with the government. Scirotto agreed to plead guilty to count one and the government agreed to move to dismiss count two and to recommend a two-level reduction in offense level for acceptance of responsibility. The plea *222 agreement also provided, “[t]he parties agree that the offense level should be calculated under either § 2B1.1 or § 2J1.3 of the Sentencing Guidelines, and they reserve the right to present their respective positions to the Court.” Section 2B1.1 covers fraud and carries a base offense level of six; section 2J1.3 covers perjury and carries a base offense level of fourteen.
In the plea agreement, Scirotto waived his right to take a direct appeal, file a motion to vacate the sentence, or otherwise collaterally attack the sentence, with three exceptions: if (1) the government made a direct appeal from the sentence; (2) the sentence exceeded the statutory limits; or (3) the sentence unreasonably exceeded the sentencing guideline range determined by the court.
At the change of plea hearing, the District Court conducted an extensive colloquy with Scirotto under Fed.R.Crim.P. 11(b)(1). Scirotto confirmed he had read and signed the plea agreement, discussed it with his attorney, and fully understood its contents. He also testified he was satisfied with the performance of his attorney. The District Court specifically reviewed the appellate waiver provision with Scirotto. The court confirmed Scirotto understood the waiver and the rights waived. Scirotto affirmed he had not been induced to sign the document by any promises not contained in the plea agreement.
In position statements, as anticipated in the plea agreement, the parties disputed which sentencing guideline applied. Sci-rotto argued for the use of the fraud provision with a lower base offense level, § 2B1.1. The government argued for the use of the perjury provision, § 2J1.3. After reviewing the indictment, the District Court found that making false representations on a bankruptcy petition was “more akin to perjury than fraud, thus warranting the application of U.S.S.G. § 2J1.3.” The court set Scirotto’s base offense level at twelve after a two-point reduction for acceptance of responsibility. With a criminal history category of III, Scirotto’s sentencing guideline range was fifteen to twenty-one months’ imprisonment. The court rejected Scirotto’s plea for a noncustodial sentence and sentenced him to the guideline minimum term of fifteen months’ imprisonment and a $100 assessment.
Scirotto filed a timely notice of appeal with a new attorney. He urges us not to enforce the appellate waiver, contending former counsel was ineffective during the guilty plea for failing to preserve for appeal the issue of sentencing guideline selection.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir.2007) (holding the court of appeals had subject matter jurisdiction notwithstanding a defendant’s waiver of appellate rights in a plea agreement). Our review of the validity and applicability of the appellate waiver in Scirotto’s plea agreement is de novo. United States v. Jackson, 523 F.3d 234, 237 (3d Cir.2008).
Where the government invokes a defendant’s appellate waiver, we must decide the enforceability of the waiver as a threshold matter. United States v. Corso, 549 F.3d 921, 926 (3d Cir.2008). We will decline to review the merits of Scirotto’s appeal “if we conclude (1) that the [issue] he pursues on appeal [falls] within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of jus *223 tice.” Id. at 927 (citing United States v. Goodson, 544 F.3d 529, 536 (3d Cir.2008)).
Scirotto does not dispute that his appeal falls within the scope of the appellate waiver, nor that he signed the appellate waiver knowingly and voluntarily, and there is ample evidence in the record to satisfy these requirements. Accordingly, we con-fíne our analysis to Scirotto’s argument that enforcement of the appellate waiver will lead to a miscarriage of justice.
We have recognized “[tjhere may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver.” United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001). In Khattak, we identified factors to determine whether enforcing the waiver creates a miscarriage of justice. Id. at 563. Those factors are:
The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.
Id. (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir.2001)). The miscarriage of justice exception “ ‘will be applied sparingly and without undue generosity.’ ” United States v. Wilson, 429 F.3d 455, 458 (3d Cir.2005) (quoting Teeter, 257 F.3d at 26). In rare circumstances, we have recognized ineffectiveness of counsel may prevent enforcement of appellate waivers. See United States v. Shedrick, 493 F.3d 292, 301-02 (3d Cir.2007) (defendant’s counsel was ineffective because counsel failed to file a timely appeal raising an issue explicitly exempted from the appellate waiver provision).
Scirotto argues his counsel was ineffective for failing to preserve his right to appeal the applicable sentencing guideline, and that enforcing the waiver will create a miscarriage of justice. We disagree. Sci-rotto reaped significant benefits by pleading guilty. The government agreed to move to dismiss count two and recommend a two-point sentencing reduction. Furthermore, unlike the rare circumstances where we have found ineffective counsel created a miscarriage of justice, enforcing the waiver here will not deprive Scirotto of rights retained in the agreement, but effectuate both parties’ expectations under the agreement. The agreement expressly anticipated the dispute over whether the fraud or the perjury guideline would be applied at sentencing, and reserved that issue. That is exactly what occurred. Enforcing Scirotto’s appellate waiver does not give rise to a miscarriage of justice.[1]
III.
For the foregoing reasons, we will enforce the appellate waiver in Scirotto’s plea *224 agreement and affirm the judgment of conviction and sentence.

. Assuming we were to reach the merits, it appears that defendant cannot prevail. We review de novo the District Court's interpretation of the Sentencing Guidelines. United States v. Aquino, 555 F.3d 124, 127 (3d Cir.2009). When the offense of conviction falls under multiple Guideline provisions, the District Court is to determine the applicable provision based solely on "the offense conduct charged in the count of the indictment or information of which the defendant was convicted.” U.S.S.G. § lB1.2(a). As the District Court found, the indictment charged Scirotto with knowingly making a material false declaration under penalty of perjury that "CJ was seeking relief under the bankruptcy code by forging the signature of CJ on the voluntary petition” for bankruptcy. The indictment' did not characterize Scirotto's actions "as being part of a plan to avoid making payment to specific creditors.” United States v. Boul-ware, 604 F.3d 832, 836 (4th Cir.2010). Accordingly, the District Court was correct to apply the perjury provision, § 2J1.3. See id. at 836-37.